# Cases Argued and Determined

In

# The Supreme Court of the State of Colorado

At September Term, A. D. 1917

---

No. 8904.

CONE *v.* CARLTON.

1. PLEDGE OF COLLATERALS—*Right of Assignee.* Collaterals were pledged to secure a promissory note. The note expressly provided that any assignee thereof might take the collateral, "and should be vested with all the powers of the payee." Power was expressly given to the payee to sell the collateral, and himself buy it in. The assignee of the note was, by the assignment, vested with the same power.

2. *Sale—By Agent—Sacrifice of Collateral.* Sale of collateral may be made by an agent, acting in the name of his principal. Where the sale is in all respects regular the value of the collateral will not be investigated in an action to recover a balance due on the note.

*Error to Fremont District Court, Hon. Charles A. Wilkin, Judge.*

*Department.*

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. D. W. ROSS, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error had judgment in an action to recover on a promissory note given by the plaintiff in error to a bank, and assigned by the bank to the defendant in error. The note was secured by the deposit with the bank of certain bonds as collateral. It was not paid at maturity, and sometime later the bonds were advertised for sale, and sold, and the proceeds of such sale credited on the note. The court directed a verdict for the balance due.

The defense was directed wholly to an attack on the validity of the sale of the bonds, on the ground that the assignee did not take, with the collateral, a right to sell it; that, in any event, he could not sell it by an agent or attorney, and that the sale was void because made for only a fraction of the bonds' value. Error is assigned on an order sustaining a demurrer to an amended answer, but is not argued. This assignment involves only the questions which are argued under other assignments, and their determination will determine this also. The principal ground urged for reversal is that the payee of the note could not transfer with it the authority to sell the collateral. Several cases are cited to the point that "a discretionary power of sale cannot be delegated to a stranger by assignment." In this case, however, that rule does not apply, since the note in express terms provided that an assignee of it might take the collateral, and should 'thereupon become vested with all the rights and powers above given to said bank in respect thereto." The power was given to the bank to sell the collateral and to buy it in, and the assignee received the same power. The mere act of selling could be performed through an agent, it and all the preliminaries being performed in the name of the assignee. An agent of the plaintiff in error was present at the sale, and made no objection to it. There is nothing in the record that sug-

gests fraud in the sale, which appears to have been advertised and conducted in full compliance with the provisions of the note. There was no dispute as to the facts and the court did not err in directing a verdict.

The sale being found regular, it was not error to reject evidence of the value of the bonds.

The judgment is affirmed.

Judgment affirmed.

Mr. Justice Hill and Mr. Justice Scott concur.